UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT G. LOPEZ,

                        Plaintiff,

      -against-

ELYSE S. SILVERMAN, SILVERMAN
KLEINMAN, LLP, CATHERINE FANDINO,
HAROLD DEITERS III, EMPIRE
VALUATION CONSULTANTS, LLC,
CITIGROUP, INC. and CITIBANK N.A.,
PAYPAL, INC., and BLOCK, INC. d/b/a
Square,

                   Defendants.

Case No. 1:25-cv-07380 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On September 5, 2025, Plaintiff, proceeding *pro se*, filed complaint against Defendants Block, Inc. ("Block"); Citigroup; Harold L. Deiters, III ("Deiters"); Empire Valuation Consultants, LLC ("Empire," and together with Deiters, the "Empire Defendants"); Catherine Fandino ("Fandino"); PayPal, Inc.; Elyse S. Silverman ("Silverman"); and Silverman Kleinman, LLP ("Kleinman LLP," and together with Silverman, the "Silverman Defendants"). Dkt. 1 ("Complaint"). Citigroup, the Empire Defendants, and the Silverman Defendants all timely filed motions to dismiss the Complaint. Dkts. 18, 21, 22.

On November 7, 2025, Plaintiff filed an amended complaint as of right. *See* Dkt. 26 ("Amended Complaint"). The Amended Complaint was not docketed until November 12, 2025. *Id.* Accordingly, Defendants' deadline to answer or otherwise respond to the Amended Complaint was November 26, 2025. Fed. R. Civ. P. 15(a)(3).

The Empire Defendants filed their motion to dismiss the Amended Complaint on November 21, 2025. *See* Dkt. 29. Defendant Citigroup filed its motion to dismiss shortly

1

thereafter, on November 25, 2025. *See* Dkt. 31. The Silverman Defendants did not file their motion to dismiss until December 2, 2025 — six days after their deadline to do so. *See* Dkt. 32.

## I.    Plaintiff's Motion to Strike

That same day, Plaintiff filed a motion to strike and deny the Silverman Defendants' motion as untimely under Rule 15(a)(3). Dkt. 34. Plaintiff's motion was docketed the next day, December 3, 2025. *See id.* Within hours, the Silverman Defendants opposed Plaintiff's motion and sought acceptance of their belated motion to dismiss as timely. Dkt. 36. For the reasons stated below, the Court GRANTS the Silverman Defendants' request and DENIES Plaintiff's motion to strike.

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the Court may extend the deadline for a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is an "elastic concept, implying a determination that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (internal citation omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392, 395 (1993)). The equitable factors outlined in *Pioneer* include: (1) "the danger of prejudice to the [non-movant]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay"; and (4) "whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In the Second Circuit, "[t]o establish excusable neglect, a movant must show good faith and a reasonable basis for noncompliance." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (alterations adopted) (quoting *In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998)). "[M]ere inadvertence, without more, can in some circumstances be enough constitute 'excusable neglect.'" *Raymond v. IBM Corp.*, 148 F.3d 63, 66 (2d Cir. 1998). Indeed, "[e]xcusable neglect may be found where

2

the relevant circumstances reveal inadvertent delays, mistakes, or carelessness," rendering the standard "broad enough to encompass even those omissions caused by circumstances within the movant's control." *Painewebber Ltd.*, 147 F.3d at 135 (citing *Pioneer*, 507 U.S. at 392).

Here, given the minimal delay, the balance of factors weighs in favor of the Silverman Defendants. First, Plaintiff has failed to demonstrate any real prejudice suffered as a result of the Silverman Defendants' six-day delay. Notably, "[P]laintiff is already cognizant of [the Silverman Defendants'] potential defenses and objections through [their response] to the original complaint." *Transcontinental Gas Pipeline Corp. v. Lands in the County of Kings*, No. 07-cv-0009 (ERK), 2007 WL 3124668, at \*3 (E.D.N.Y. Oct. 23, 2007). Second, the delay was not significant; the motion was filed six days late — shortly after the holidays. Third, the Silverman Defendants have shown good faith by timely seeking leave from this Court to extend their time to file upon learning of their error. Fourth, they have proposed an extended briefing schedule, Dkt. 36 at 3, which remedies any concerns about the time lost litigating this issue. Accordingly, the Court deems the Silverman Defendants' motion to dismiss timely filed, *nunc pro tunc*, and DENIES Plaintiff's request to strike the motion as untimely. Plaintiff's opposition to the motion to dismiss shall be due by **December 26, 2025**. The Silverman Defendants' reply shall be due by **January 5, 2026**.

## II. Plaintiff's Request to Extend His Deadline to Serve Defendant Fandino

In conjunction with his motion to strike the Silverman Defendants' motion as untimely, Plaintiff requested an extension of time to effectuate service on Defendant Catherine Fandino. Dkt. 33. Plaintiff's request is GRANTED. Plaintiff shall have until **December 18, 2025** to serve Defendant Fandino.

3

**III.    Dismissal of Claims Against Defendant Block**

Lastly, Plaintiff has indicated that he "do[es] not intend to pursue the claims against Block, Inc." and thus "do[es] not oppose dismissal of Block." Dkt. 33 at 1. The above-captioned action is therefore voluntarily dismissed, with prejudice and without costs against Defendant Block, Inc. pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 36 and dismiss all claims against Defendant Block, Inc.


Dated:  December 4, 2025
        New York, New York

                                        SO ORDERED.

                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge