UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT G. LOPEZ,<br>Plaintiff,<br>-against-<br>ELYSE S. SILVERMAN; SILVERMAN KLEINMAN, LLP; CATHERINE FANDINO; HAROLD DEITERS III; EMPIRE VALUATION CONSULTANTS, LLC; CITIGROUP, INC. and CITIBANK N.A.; PAYPAL, INC.; and BLOCK, INC. d/b/a SQUARE,<br>Defendants. | Case No. 1:25-cv-07380 (JLR)<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Robert G. Lopez ("Lopez" or "Plaintiff"), proceeding *pro se*, brings this action against Defendants Elyse S. Silverman ("Silverman"), Silverman Kleinman, LLP (the "SK Firm," and together with Silverman, the "Silverman Defendants"), Catherine Fandino ("Fandino"), Harold Deiters III ("Deiters"), Empire Valuation Consultants, LLC ("Empire," and together with Deiters, the "Empire Defendants"), Citibank, N.A. ("Citibank"),[1] and PayPal, Inc. ("PayPal") (collectively, "Defendants").[2] Plaintiff alleges that Defendants violated 42 U.S.C. § 1983 ("Section 1983") and committed related torts under New York law by issuing, responding to, and using subpoenas for Plaintiff's financial records in an ongoing state-court matrimonial action. Dkt. 26 ("Am. Compl." or the "Amended Complaint") ¶¶ 2-8, 11, 93-106.

[1] The Amended Complaint refers to Defendant Citibank as both Citigroup, Inc. and Citibank, N.A. *See* Dkt. 26 at 1. Defendant Citibank asserts that Citibank, N.A. is the only relevant entity. *See* Dkt. 31 at 1. For ease of reference, the Court refers solely to Citibank, N.A., but the Court's holding bears on both Citigroup, Inc. and Citibank, N.A.

[2] Defendant Block, Inc. d/b/a Square was terminated as a defendant on December 4, 2025. *See* Dkt. 37.

Before the Court are three motions to dismiss: the Silverman Defendants' motion, Dkt. 32, which Fandino joins as to Counts I through VII, *see* Dkt. 48; Citibank's motion, Dkt. 31; and the Empire Defendants' motion, Dkt. 29. For the reasons that follow, the motions are GRANTED. The federal claim is dismissed with prejudice as to all Defendants, including PayPal, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**BACKGROUND**

**I. Factual Background**

The following facts are drawn from the Amended Complaint and exhibits attached thereto and taken as true for purposes of these motions. *See Costin v. Glens Falls Hosp.*, 103 F.4th 946, 952 (2d Cir. 2024); *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The Court also takes judicial notice of the underlying matrimonial proceedings referenced throughout the Amended Complaint. *See Goel*, 820 F.3d at 559 (noting that, in evaluating a motion to dismiss, courts may look to the "documents . . . incorporated in the complaint by reference[] and matters of which judicial notice may be taken" (omission adopted) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016))); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citation omitted)); *accord Curtis v. 360 Bus. Mgmt., Inc.*, No. 25-cv-03415 (KMK), 2025 WL 3158702, at *6 n.6 (S.D.N.Y. Nov. 12, 2025).

This case arises from a matrimonial action filed on August 19, 2022, in New York Supreme Court, New York County, *Fandino v. Lopez*, Index No. 321385/2022 (the "Matrimonial

Action"). Am. Compl. ¶¶ 11, 17-18, 26 & Ex. B.[3] Fandino is the plaintiff in that action, where Silverman and the SK Firm represent her. *Id.* ¶¶ 18-19. Lopez is the defendant. *Id.* ¶ 17. Fandino retained Empire, of which Deiters is a principal, in connection with a forensic valuation of Lopez's business and intellectual-property interests. *Id.* ¶¶ 21-22.

The Amended Complaint describes what Plaintiff characterizes as a multi-year course of litigation misconduct. Among other things, Plaintiff alleges that the Silverman Defendants and Fandino overstated his income and lifestyle, failed to serve certain filings and orders, made unauthorized communications to the state court, and submitted false statements or certifications in support of applications in the Matrimonial Action. *Id.* ¶¶ 26-36, 78-93. The allegations most relevant to the federal claim, however, concern subpoenas that the Silverman Defendants issued to third-party financial institutions and the later use of records produced in response.

### A. The Discovery Deadline and the 2025 Subpoenas

On May 7, 2024, the state court granted Fandino an additional 120 days to conduct discovery in the Matrimonial Action and directed that a note of issue be filed by September 30, 2024. *Id.* ¶¶ 58-59 & Ex. V. Fandino sought to stay that deadline to allow for further discovery and completion of a forensic evaluation of Lopez's business. *See id.* ¶ 60 & Ex. W. On January 9, 2025, the state court granted relief only to permit the appointment of a forensic evaluator and did not authorize additional discovery. *Id.* ¶¶ 60-61 & Ex. W.

The Amended Complaint asserts that, despite the September 30, 2024 discovery deadline and the January 9, 2025 order allegedly enforcing it, the Silverman Defendants and Fandino served Citibank, PayPal, and other third parties with additional subpoenas on January 16, and

[3] Plaintiff filed the exhibits to the Amended Complaint as one consolidated document attached to the Amended Complaint. *See* Dkt. 26-1. For ease of reference, the Court will treat the Amended Complaint and exhibits as a single document and refer to each exhibit by its title.

January 18, 2025, seeking Lopez's financial and business records (the "Subpoenas"). *Id.* ¶¶ 62-63. Plaintiff asserts that the Subpoenas were untimely, unauthorized, and issued in direct violation of the state court's orders. *Id.* ¶¶ 62-64. He did not, however, move in the Matrimonial Action to quash them. *See id.*, Ex. AC.

Instead, on January 21, 2025, Lopez objected to Fandino's retention of Empire as a purportedly neutral evaluator. *Id.* ¶ 65. The state court issued a supplemental order on January 30. *Id.* ¶ 68 & Ex. AB. The supplemental order directed Fandino to file a note of issue within five days, stated that no further discovery relief would be granted, and provided that each party would be responsible for the cost of that party's own expert. *Id.* Plaintiff maintains that the supplemental order clarified that Empire would serve as Fandino's retained expert rather than as a neutral evaluator. *Id.* ¶ 68.

Following the state court's issuance of the supplemental order, Plaintiff emailed the Silverman Defendants and Fandino that same day to demand that they withdraw the Subpoenas. *Id.* ¶ 69 & Ex. AC. Plaintiff advised that he "w[ould] not waste [his] time or efforts filing a motion to quash," and would instead "use [any] refusal [to withdraw] as a basis to seek legal recourse at a later time for the knowing and intentional bad-faith actions in" the Matrimonial Action. *Id.*, Ex. AC. Between February 3 and February 9, 2025, he sent additional objections by letter and email to the Silverman Defendants, Fandino, Deiters, and Empire, reiterating that discovery had closed and objecting to the scope and use of the requested information. *Id.* ¶¶ 72-73 & Exs. AD-AE.

Plaintiff separately contacted Citibank and PayPal. He alleges that, on February 6 and February 13, 2025, he advised Citibank via email that discovery had closed, provided the January 9 order, and requested that no records be produced. *Id.* ¶ 74 & Ex. AF. Citibank nevertheless produced financial records, which Plaintiff alleges were later used in the

Matrimonial Action. *Id.* ¶ 75. Plaintiff similarly objected to PayPal by email on February 6 and 13. *Id.* ¶ 76. PayPal responded on February 18, 2025, informing Plaintiff that it had produced account records on February 13 and providing Plaintiff with a courtesy copy of the production. *Id.* ¶ 76 & Ex. AG.

### B. Empire's Valuation Work and the Use of the Records

Plaintiff alleges that Deiters and Empire continued to rely on information obtained through the Subpoenas in valuation work prepared for Fandino. *Id.* ¶ 71. He further alleges that the Silverman Defendants, Fandino, Deiters, and Empire used records that Citibank and PayPal produced in support of "Motion Sequence 12" in the Matrimonial Action. *Id.* ¶¶ 75-76.

According to the Amended Complaint, Motion Sequence 12 sought to hold Lopez in contempt, obtain attorney's fees, modify an interim support order, and add another person as a party. *Id.* ¶¶ 75, 78. The state court denied that motion on September 3, 2025, because Fandino had not effectuated personal service as directed. *Id.* ¶¶ 76, 80, 89 & Ex. AL.

Plaintiff characterizes these events as "a coordinated scheme to misuse judicial process and improperly obtain, disclose, and weaponize [his] confidential financial and business records" against him in the Matrimonial Action. *Id.* ¶ 93. He asserts that the Silverman Defendants acted under color of state law by invoking New York's subpoena procedures and that Fandino, Citibank, PayPal, Deiters, and Empire acted jointly with them to mislead the state court. *Id.* ¶¶ 6-8, 95-105. On that basis, Plaintiff asserts that Defendants deprived him of due process in violation of Section 1983. *Id.* ¶¶ 95-97, 99, 106.

## II. Procedural History

Plaintiff commenced this action on September 5, 2025. Dkt. 1 (the "Complaint"). On November 7, 2025, he amended his Complaint as a matter of right. *See* Am. Compl. The Amended Complaint asserts a federal Section 1983 claim (Count I) and state law claims for

abuse of process, invasion of privacy, civil conspiracy, fraud, negligence, intentional infliction of emotional distress, and attorney deceit under New York Judiciary Law § 487 (Counts II through VIII). *Id.* ¶¶ 94-143.

On November 21, 2025, the Empire Defendants moved to dismiss the Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure ("Rules") 8, 9(b), and 12(b). *See* Dkt. 29; Dkt. 30 ("Empire Br."). Plaintiff opposed on February 4, 2026, *see* Dkt. 56 ("Opp. to Empire"), and the Empire Defendants replied on February 11, 2026, *see* Dkt. 57 ("Empire Reply").

On November 25, 2025, Citibank likewise sought dismissal pursuant to Rule 12(b)(6). *See* Dkt. 31 ("Citibank Br."). On December 12, 2025, Plaintiff filed his opposition, *see* Dkt. 43 ("Opp. to Citibank"), and on December 22, 2025, Citibank submitted its reply, *see* Dkt. 45 ("Citibank Reply").

Finally, on December 2, 2025, the Silverman Defendants moved to dismiss the Amended Complaint under Rules 8, 12(b)(1), and 12(b)(6). *See* Dkt. 32; Dkt. 32-1 ("Silverman Br."). Plaintiff filed his opposition brief on December 26, 2025. *See* Dkt. 49 ("Opp. to Silverman"). In the interim, Fandino submitted a request to join the Silverman Defendants' motion as to Counts I through VII. Dkt. 47. The Court granted Fandino's request on December 30, 2025. *See* Dkt. 48. Neither the Silverman Defendants nor Fandino filed a reply. All three motions are fully briefed.

The remaining defendant, PayPal, has not appeared in this action, despite having been served on September 26, 2025. *See* Dkt. 35.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint needs to allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "accept[s] all factual allegations as true, and draw[s] all reasonable

inferences in the plaintiff's favor." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). The Court will not, however, "accept 'conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)). At bottom, a complaint must "contain[] sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (en banc) (quoting *Iqbal*, 556 U.S. at 678).

Because Plaintiff is proceeding *pro se*, the Court "liberally construe[s]" his filings and reads them "to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (citation omitted). "But the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party 'from compliance with relevant rules of procedural and substantive law.'" *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (italicization added) (quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)). "[T]he Court's duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it," *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 48 (S.D.N.Y. 2019) (internal quotation marks and citation omitted), and "district courts 'cannot invent factual allegations' that the plaintiff has not pleaded," *Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, 653 F. Supp. 3d 80, 94 (S.D.N.Y. 2023) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

## DISCUSSION

Each moving Defendant argues that Plaintiff's Section 1983 claim fails because the Amended Complaint does not plausibly allege action "under color of state law." Silverman Br. at 6-8; Citibank Br. at 5-7; Empire Br. at 4-6. Plaintiff responds that the Silverman Defendants

invoked state authority by issuing subpoenas and that the other Defendants became state actors by participating in or benefiting from that conduct. Opp. to Silverman at 2-3; Opp. to Citibank at 4-6; Opp. to Empire at 4. The Court disagrees with Plaintiff and finds that he does not plausibly allege state action sufficient to sustain his Section 1983 claim against any Defendant. Upon dismissal of Plaintiff's sole federal claim as a matter of law, the Court declines supplemental jurisdiction over the remaining state law claims.

## I. Threshold Considerations

Before proceeding to the merits of Plaintiff's Section 1983 claim, the Court addresses two threshold issues. First, in addition to Rule 12(b)(6), the Silverman Defendants' motion invokes Rule 12(b)(1) as a basis for dismissal. *See* Silverman Br. at 4. Because jurisdiction "is always an antecedent question, the Court must address [d]efendants' Rule 12(b)(1) arguments before turning, as necessary, to [d]efendants' Rule 12(b)(6) arguments." *Ahmed v. Cissna*, 327 F. Supp. 3d 650, 664 (S.D.N.Y. 2018) (internal quotation marks and citation omitted), *aff'd sub nom. Ahmed v. Cuccinelli*, 792 F. App'x 908 (2d Cir. 2020) (summary order). To that end, the Court first considers the Silverman Defendants' argument that Plaintiff's failure to plausibly plead state action warrants dismissal of the Section 1983 claim for lack of subject matter jurisdiction, *see* Silverman Br. at 6-7, and concludes that it does not. Where a complaint expressly invokes a federal cause of action, the Court has federal question jurisdiction under 28 U.S.C. § 1331 unless the asserted federal claim is "immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *accord Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016); *see Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996) ("[W]here the asserted basis for subject matter jurisdiction is also an element of the plaintiff's allegedly federal cause of action, we ask only whether — on its face — the complaint is drawn so as to seek

recovery under federal law or the Constitution. If so, then we . . . reserve further scrutiny for an inquiry on the merits."); *see also* Am. Compl. ¶¶ 94-106 (pleading federal Section 1983 claim). The Silverman Defendants do not suggest that Plaintiff brings his federal claim solely to obtain jurisdiction. And viewed in the context of Plaintiff's Amended Complaint, his Section 1983 claim cannot be said to be wholly insubstantial and frivolous. Indeed, whether a complaint adequately pleads a statutory element ordinarily presents a merits question, not a jurisdictional one. *See, e.g.*, *Monroe v. Hyundai of Manhattan & Westchester*, No. 07-cv-08777 (GBD) (HBP), 2008 WL 4891223, at *4 (S.D.N.Y. Nov. 12, 2008) (denying 12(b)(1) motion that argued failure to state a RICO claim meant plaintiff's claims could not "be said to arise under federal law" because "[f]ederal question jurisdiction is not dependent on the existence of a valid federal claim"), *aff'd*, 372 F. App'x 147 (2d Cir. 2010) (summary order); *Basile v. Connolly*, 538 F. App'x 5, 6-7 (2d Cir. 2013) (summary order) (affirming 12(b)(6) dismissal of Section 1983 claim against private individuals for failure to "plausibl[y] alleg[e] that they acted under color of state law"). Thus, to the extent the Silverman Defendants invoke Rule 12(b)(1) to address Plaintiff's failure to allege state action, that argument concerns the merits of Plaintiff's Section 1983 claim and will be considered under Rule 12(b)(6).

Second, both the Empire Defendants and the Silverman Defendants additionally move for dismissal pursuant to Rule 8. Empire Br. at 3-4; Silverman Br. at 5-6. Rule 8 requires a pleading to have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "principal function" of this Rule is "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Dismissal pursuant to Rule 8(a) "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*,

49 F.3d 83, 86 (2d Cir. 1995) (quoting *Salahuddin*, 861 F.2d at 42). And "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. KeyCorp.*, 521 F.3d 202, 216 (2d Cir. 2008); *accord Mays v. Falu*, No. 18-cv-06145 (KMK), 2019 WL 6619330, at *3 (S.D.N.Y. Dec. 5, 2019).

Though the Amended Complaint is quite lengthy and at times difficult to parse, the moving Defendants adequately responded to each claim. The Court cannot say that the claims' "true substance . . . is well disguised." *Simmons*, 49 F.3d at 86. The Court will thus not dismiss the Amended Complaint on procedural grounds under Rule 8(a) and will instead address the merits.

## II. Legal Framework

"Section 1983 grants a right of action to any 'citizen of the United States or other person within the jurisdiction thereof' who has been deprived of 'any rights, privileges, or immunities secured by the Constitution' or federal law by a person acting under color of state law." *Hirsch v. City of New York*, 300 F. Supp. 3d 501, 508 (S.D.N.Y. 2018) (quoting 42 U.S.C. § 1983), *aff'd*, 751 F. App'x 111 (2d Cir. 2018) (summary order). To state a Section 1983 claim, a plaintiff must plausibly allege that the complained of conduct (1) "was committed by a person acting under color of state law" and (2) "violat[ed] a right secured by the Constitution [or] the laws of the United States." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)); *see Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999); *accord Liang v. City of New York*, No. 10-cv-03089 (ENV) (VVP), 2013 WL 5366394, at *6 (E.D.N.Y. Sept. 24, 2013), *aff'd sub nom. Liang v. Zee*, 764 F. App'x 103 (2d Cir. 2019) (summary order). Its purpose "is to deter state

actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992); *accord Washington v. Westchester Cnty. Dep't of Corr.*, No. 13-cv-05322 (KPF), 2015 WL 408941, at *4 (S.D.N.Y. Jan. 30, 2015).

"[T]he actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the state,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the state,' ('the public function test')." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alterations adopted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)). Regardless of the formulation, the challenged conduct itself must be fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982); *see also Sybalski*, 546 F.3d at 257-58 ("It is not enough . . . for a plaintiff to plead state involvement in *some activity* . . . alleged to have inflicted injury upon a plaintiff; rather, the plaintiff must allege that the state was involved with the *activity that caused the injury* giving rise to the action." (internal quotation marks and citation omitted)).

Plaintiff here invokes a joint action theory. *See* Opp. to Silverman at 2 (arguing that "the [Amended Complaint] alleges joint action and misuse of state power" (capitalization omitted)); Opp. to Citibank at 4 (same); Opp. to Empire at 4 (same). "The touchstone of joint action is often a 'plan, prearrangement, conspiracy, custom, or policy' shared by the private actor and the state actors." *Forbes v. City of New York*, No. 05-cv-07331 (NRB), 2008 WL 3539936, at *5 (S.D.N.Y. Aug. 12, 2008) (quoting *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268,

272 (2d Cir. 1999)). "To state a claim against a private entity on a [S]ection 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *accord Cameron v. Coach Apparel Store*, No. 07-cv-03991 (BSJ) (DFE), 2009 WL 536068, at *2 (S.D.N.Y. Mar. 3, 2009). That is, the plaintiff "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002); *see Hollman v. Cnty. of Suffolk*, No. 06-cv-03589 (JFB) (ARL), 2011 WL 280927, at *8 (E.D.N.Y. Jan. 27, 2011) ("To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal." (internal quotation marks and citation omitted)). "Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed[.]" *McGee v. Doe*, 568 F. App'x 32, 35 (2d Cir. 2014) (summary order) (alteration adopted) (quoting *Ciambriello*, 292 F.3d at 325), *as amended* (July 2, 2014).

## III. The Silverman Defendants' Motion to Dismiss, Joined by Fandino

The Silverman Defendants argue that they are private attorneys performing traditional litigation functions and that the Amended Complaint pleads no agreement or joint activity with any state official. Silverman Br. at 6-7. Plaintiff responds that the Silverman Defendants became state actors by issuing subpoenas after the discovery deadline and in violation of state-court orders. Opp. to Silverman at 2-3. Neither case law nor the pleaded facts support his conclusion.

"[I]t is well-established that private attorneys, despite their status as officers of the court, do not act under color of state law for purposes of [S]ection 1983." *Livingston v. Singer*, No. 01-

cv-06979 (GBD) (GWG), 2003 WL 22952739, at *2 (S.D.N.Y. Dec. 16, 2003) (collecting cases); *accord Winters v. State*, No. 24-cv-07420 (NJC) (ST), 2026 WL 710123, at *18 (E.D.N.Y. Mar. 13, 2026) (collecting cases); *Rodriguez v. Seidler*, No. 19-cv-04955 (MKB), 2020 WL 868586, at *3 (E.D.N.Y. Feb. 21, 2020) (collecting cases); *see, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (finding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (holding that "[defendant]'s status as an attorney . . . does [not] satisfy the test of state action that must be met before liability may be imposed pursuant to § 1983"); *Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) (affirming dismissal of Section 1983 claim where "[n]o claim is made — and on the facts in the record none could be — that . . . state judges," *i.e.*, state actors, "actually entered into a conspiracy or had a meeting of the minds with the attorney defendants," who were otherwise private actors, "to deprive plaintiff of his liberty"). Attorneys are authorized by New York law to issue subpoenas in an action in which they are counsel of record. *See* N.Y. C.P.L.R. 2302(a) ("Subpoenas may be issued without a court order by . . . an attorney of record for a party to an action[.]"); *see also* Am. Compl., Ex. X (reflecting that Silverman issued the Subpoenas). Exercising that authority as an advocate does not, without more, transform counsel into a state actor. *See Morpurgo v. Inc. Vill. of Sag Harbor*, 697 F. Supp. 2d 309, 338 (E.D.N.Y. 2010) ("Courts in the Second Circuit have held that litigants and lawyers are not clothed with the state's authority because they are using the state's judicial process or because they are officers of the court." (omissions adopted) (internal quotation marks and citation omitted)), *aff'd*, 417 F. App'x 96 (2d Cir. 2011) (summary order).

That the Subpoenas were allegedly "untimely, unauthorized, and unlawful," Am. Compl. ¶ 93, is of no consequence. Alleged misuse of a state procedure by private parties does not

constitute state action. *See Lugar*, 457 U.S. at 941 ("[P]rivate misuse of a state statute does not describe conduct that can be attributed to the State[.]"). *Lugar* draws precisely that distinction. There, the Supreme Court held that a private creditor acted jointly with the state in depriving the plaintiff of his property without due process under color of state law. *See id.* at 924-25, 942. Critical to that finding was the fact that the creditor "invok[ed] the aid of state officials," namely the Clerk of the state court who issued the writ of attachment and the County Sheriff who executed it, "to take advantage of state-created attachment procedures." *Id.* at 942; *see id.* at 924-25. At the same time, the Court distinguished a constitutional challenge to the creditor's alleged invocation of "the [attachment] statute without the grounds to do so," which "could in no way be attributed to a state rule or a state decision." *Id.* at 940. Plaintiff alleges the latter form of conduct: he claims that private attorneys used subpoena procedures in the Matrimonial Action without authorization. Am. Compl. ¶¶ 63-64, 69, 77, 93.

The Second Circuit has previously affirmed the dismissal of a Section 1983 claim on similar facts. In *Dahlberg*, which itself arose from a matrimonial proceeding, the Second Circuit held that defendants, plaintiff's former wife and her counsel, had not acted under color of state law when they violated the notice provisions of New York's contempt law, which had led to plaintiff's arrest and imprisonment. *See* 748 F.2d at 87-88, 93. The Second Circuit reasoned that it would be inappropriate to "charge th[e] [s]tate with responsibility where private parties [had] abuse[d] an otherwise valid state law," *id.* at 90-91, and accordingly concluded that "the mere invocation by defendants of New York's legal procedures d[id] not constitute joint participation so as to satisfy the statutory requirement under § 1983," *id.* at 93. So too here. Plaintiff's allegation that the Silverman Defendants issued subpoenas contrary to the state court's discovery order establishes, at most, unauthorized private misuse of an otherwise valid state procedure — it does not establish state action.

Plaintiff's cited case, *Dennis v. Sparks*, 449 U.S. 24 (1980), does not compel a different result. Indeed, it supports the Court's reading of Section 1983. The private defendants in *Dennis* were alleged to have conspired with a state court judge to procure an injunction through bribery. *Id.* at 25-26. In contrast, the Amended Complaint does not allege facts showing that the judge, a clerk, the sheriff, or any other state official worked with the Silverman Defendants to issue or agreed to enforce the Subpoenas. And even if they did, "merely resorting to the courts . . . [would] not make a party a co-conspirator or a joint actor with the judge." *Id.* at 28.

To the extent that the Amended Complaint alleges that the Empire Defendants, Citibank, and PayPal acted "under the direction of . . . the New York Supreme Court County of New York in responding to and/or relying on information in subpoenas that were unlawful, void, and issued after the discovery cut-off date," Am. Compl. ¶ 6, that allegation is both conclusory and contradicted by Plaintiff's other alleged facts. The specific allegations within the Amended Complaint describe subpoenas issued by private counsel, objections exchanged among private parties, productions by private institutions, and use of the resulting records by private litigants and a private expert. *Id.* ¶¶ 61-77, 93-106. Those allegations do not plausibly plead a "meeting of the minds" with a state official. *Dahlberg*, 748 F.2d at 93.

As for Fandino, she, like the Silverman Defendants, is a private actor. The Amended Complaint alleges that she benefited from, directed, or participated in the Silverman Defendants' litigation strategy, *see* Am. Compl. ¶¶ 62, 70-72, 75-77, but it does not allege facts showing that she conspired or jointly acted with a state official.

Because neither the Silverman Defendants nor Fandino acted under color of state law, Count I of the Amended Complaint is dismissed as to them. *See Shahid v. Brooklyn Legal Servs. Corp.*, 114 F. App'x 35, 36 (2d Cir. 2004) (summary order) ("A complaint that fails to allege state action fails to state an actionable claim under 42 U.S.C. § 1983."); *Davis v. Countrywide*

*Home Loans*, No. 09-cv-08606 (RJS) (HBP), 2010 WL 3219306, at *7 n.5 (S.D.N.Y. July 23, 2010) (declining to "address defendants' additional arguments in favor of dismissal" "because plaintiff's failure to allege state action," standing alone, "warrant[ed] dismissal of his claims under Section 1983"), *report and recommendation adopted*, 2010 WL 3219304 (S.D.N.Y. Aug. 13, 2010).

**IV. Citibank's Motion to Dismiss**

Citibank argues that responding to an attorney-issued subpoena did not make it a state actor and that Plaintiff's conspiracy allegations are conclusory. Citibank Br. at 5-7; Citibank Reply at 2-4. Plaintiff responds that Citibank knowingly participated in joint activity because it conspired with "court-appointed and court-licensed officers (Silverman, [the] SK [Firm])" to produce records in response to subpoenas that Lopez had warned were unlawful. Opp. to Citibank at 5; *see id.* at 4-6. Even accepting Plaintiff's allegations that the subpoenas were invalid and that Citibank had notice of his objections, Count I fails as against Citibank.

Plaintiff's joint action theory against Citibank rests on the proposition that Citibank joined state actors by cooperating with the Silverman Defendants and Fandino. Am. Compl. ¶¶ 102-05 ("The Citi Defendants . . . acted jointly with and under color of law through Defendant Elyse S. Silverman, an officer of the New York Supreme Court[.]"). But, as explained above, those Defendants are private parties. Absent "something more," cooperation among private parties is not action under color of state law. *See Lugar*, 457 U.S. at 939. The Amended Complaint alleges nothing more. The pleaded facts provide only that Citibank received a subpoena from private counsel, received Plaintiff's emailed objections, produced records, and thereby assisted private litigants in the Matrimonial Action. Am. Compl. ¶¶ 62, 74-76. That is insufficient to plead joint action with the state. *Cf. Sykes v. Bank of Am.*, 723 F.3d 399, 406-07 (2d Cir. 2013) (affirming dismissal of Section 1983 claim against bank that "did no more than

comply with [a] restraining notice issued by" a state entity); *Corley v. Vance*, No. 15-cv-01800 (KPF), 2015 WL 4164377, at *6 (S.D.N.Y. June 22, 2015) (noting that "[m]ere compliance with court orders does not constitute action under color of state law" and collecting cases). Accordingly, Plaintiff has not plausibly alleged that Citibank acted under color of state law, and Count I is dismissed also as to Citibank.

## V. The Empire Defendants' Motion to Dismiss

The Empire Defendants contend that they are private actors retained by a private litigant and that Plaintiff alleges no conduct by them that could be attributed to the state. Empire Br. at 5-6; Empire Reply at 4-5. Plaintiff argues that the Empire Defendants "acted jointly with officers of the court under color of state law by invoking the state[']s subpoena power after close of discovery." Am. Compl. ¶ 99; *see also* Opp. to Empire at 4. Those allegations do not establish state action by the Empire Defendants.

The Amended Complaint identifies Empire as Fandino's retained valuation consultant and Deiters as "a principal of Empire." Am. Compl. ¶¶ 21, 68. It alleges that they received, reviewed, relied on, or helped use records obtained through the Subpoenas. *Id.* ¶¶ 71, 73, 75-77, 99, 104. Plaintiff's joint action theory fails against the Empire Defendants for the same reason it fails against Citibank. Plaintiff alleges coordination with Fandino and the Silverman Defendants, all of whom are private parties. As with the other Defendants, the Amended Complaint pleads no state official's participation in the Empire Defendants' challenged conduct. Count I is therefore dismissed as to Empire and Deiters.

## VI. PayPal

The sole remaining defendant with respect to Count I is PayPal. PayPal has not moved to dismiss or otherwise appeared in this action. Nevertheless, "a district court may dismiss an action *sua sponte* for failure to state a claim so long as the plaintiff is given notice of the grounds

for dismissal and an opportunity to be heard." *Grant v. Cnty. of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013) (summary order); *see Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) ("[T]he district court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted, [but] it may not properly do so without giving the plaintiff an opportunity to be heard."); *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim[.]"); *see also* Charles A. Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (4th ed.) ("[I]f a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."); *see, e.g.*, *Komatsu v. NTT Data, Inc.*, No. 15-cv-07007 (LGS), 2016 WL 2889064, at *5 (S.D.N.Y. May 17, 2016) (dismissing *pro se* plaintiff's claims *sua sponte*), *aff'd*, 730 F. App'x 98 (2d Cir. 2018) (summary order). Dismissal as to a nonmoving defendant is particularly appropriate where, as here, the same legal defect applies equally to the moving and nonmoving defendants. *See Sadigh v. Quyyum*, No. 23-cv-02937 (RPK) (RML), 2025 WL 745993, at *3 n.4 (E.D.N.Y. Mar. 7, 2025) ("Though not all of these defendants have moved to dismiss, because the grounds for the [c]ourt's dismissal apply irrespective of the identity of the particular defendant, plaintiff's claims are dismissed against the nonmoving defendants as well."); *United States ex rel. Ranasinghe v. Ocwen Loan Servicing LLC*, No. 20-cv-02890 (OEM) (LKE), 2025 WL 788663, at *9 (E.D.N.Y. Mar. 12, 2025) ("Because the [c]ourt's rulings in this [o]rder would apply equally to the moving and nonmoving [d]efendants[,] the [c]ourt dismisses the claims against the nonmoving [d]efendant *sua sponte*." (alterations and omissions adopted) (citation omitted)); *Bascom v. City of New York*, No. 23-cv-10898 (VEC), 2025 WL 692082, at *1 n.4 (S.D.N.Y. Mar. 4, 2025) (collecting cases).

Plaintiff had notice and a full opportunity to address the state action issue. The Silverman Defendants, Citibank, and the Empire Defendants each moved to dismiss Count I for lack of state action, *see* Silverman Br. at 6-8; Citibank Br. at 5-7; Empire Br. at 4-6, and Plaintiff filed three oppositions defending his joint action theory, *see* Opp. to Silverman at 2-3; Opp. to Citibank at 4-6; Opp. to Empire at 4. PayPal's alleged role is materially identical to Citibank's: it received subpoenas from private counsel, received Plaintiff's emailed objections, produced records, and allegedly enabled private parties to use those records in the Matrimonial Action. Am. Compl. ¶¶ 62-63, 76, 80, 93, 96. The allegations identify no state official who directed or jointly acted with PayPal. Because the same threshold defect is fully briefed and applies to PayPal, the Court *sua sponte* dismisses Count I as to PayPal.

## VII. Supplemental Jurisdiction

With Count I dismissed as to all Defendants, the remaining causes of action arise under New York law. *See* Am. Compl. ¶¶ 107-43. The Court has jurisdiction over these remaining state law claims, if at all, through supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) (granting district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). But the Court need not exercise supplemental jurisdiction in all cases. *See id.* § 1367(c)(3) (permitting district courts to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. ex rel. St.*

*Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003)).

The Court finds this to be one such "usual case," and therefore declines to exercise supplemental jurisdiction over Counts II through VIII. The action remains at the pleading stage, no discovery has occurred, and the state law claims raise questions concerning New York tort law, litigation conduct, subpoena practice, and an ongoing New York matrimonial proceeding. *See Graham v. Barriger*, 699 F. Supp. 2d 612, 637 (S.D.N.Y. 2009) (declining to exercise supplemental jurisdiction "particularly considering that discovery ha[d] not commenced and that the federal claims ha[d] been dismissed at the pleading stage"). Comity favors allowing New York courts to address them. *See Awad v. Omar*, No. 18-cv-10810 (NRB), 2019 WL 5727327, at *5 (S.D.N.Y. Nov. 5, 2019) ("Comity . . . favors New York courts adjudicating claims arising under New York's laws."). Counts II through VIII are accordingly dismissed without prejudice.

## VIII. Leave to Amend

Plaintiff requests leave to amend in each opposition. Opp. to Silverman at 6; Opp. to Citibank at 8-9; Opp. to Empire at 5. Citibank responds that dismissal should be "with prejudice, without leave to further amend." Citibank Reply at 6-7. The Court agrees with Citibank.

While Rule 15 provides that "court[s] should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), denial of leave is appropriate where amendment would be futile, *see Veras v. N.Y.C. Dep't of Educ.*, No. 22-cv-00056 (JLR) (SN), 2024 WL 3446498, at *8 (S.D.N.Y. July 17, 2024) ("Nonetheless, 'it is within the sound discretion of the district court to grant or deny leave to amend,' and 'a district court may properly deny leave when amendment would be futile.'" (citation omitted) (first quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018); and then quoting *Jones v. N.Y. State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 50 (2d Cir. 1999))),

*aff'd*, No. 24-1956-cv, 2025 WL 2824851 (2d Cir. Feb. 6, 2025) (summary order), *cert. denied*, 146 S. Ct. 142 (2025).

Such is the case here. Amendment is futile when the amended claim "could not withstand a motion to dismiss." *Singh v. Deloitte LLP*, 123 F.4th 88, 93 (2d Cir. 2024) (citation omitted). Plaintiff's Amended Complaint and three opposition briefs describe the allegedly unlawful conduct in detail yet identify no facts suggesting that any state official participated in the issuance, service, production, or use of the Subpoenas. The allegations instead concern private attorneys, private litigants, private financial institutions, and a private expert. The Court thus finds that further amendment would not convert the challenged private conduct into action under color of state law. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming denial of leave to amend in *pro se* action because "[t]he problem with [plaintiff]'s causes of action [wa]s substantive; better pleading w[ould] not cure it").

Relatedly, "denial of leave to amend is proper 'where the request gives no clue as to how the complaint's defects would be cured.'" *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). Plaintiff already amended his Complaint once as a matter of right in response to Defendants' initial motions to dismiss. *See* Dkt. 28; *see also* Dkts. 18, 22, 24. He now offers a generalized request for a third opportunity to plead his federal claim. *See* Opp. to Silverman at 6 ("Plaintiff should be granted leave to amend."); Opp. to Citibank at 9 ("Given the early stage of litigation, amendment is appropriate."); Opp. to Empire at 5 (asking the Court to "grant Plaintiff leave to amend"). That is not enough. Leave to amend Count I is therefore denied, and Count I is dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. Count I is dismissed with prejudice as to Defendants Elyse S. Silverman; Silverman Kleinman, LLP; Catherine Fandino; Harold Deiters III; Empire Valuation Consultants, LLC; Citigroup, Inc.; Citibank, N.A.; and PayPal, Inc. The Court declines to exercise supplemental jurisdiction over Counts II through VIII, which are dismissed without prejudice.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 29, 31, and 32 and CLOSE this case.

Dated: August 11, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge